## HEMAN LOWRY *vs.* PHILIP WALKER.

Parol evidence is admissible in *trover* against a third person, to show that an execution was delivered to the officer who served the attachment, within thirty days from the rendition of the judgement.

Such third person cannot be permitted to question the regularity of the judgement of a justice of the peace, through want of continuances, or the giving of bonds as the law requires, while the execution is not set aside by regular process.

When an officer attaches personal property, such as hay, and leaves copies with the town clerk as the statute provides, the attachment gives him sufficient title and possession to maintain trover against one who has converted the same property.

The defendant, in such case, is only liable for the property he has actually converted, or over which he had some control, when he forbade the officer's selling it.

This was an action of *trover* for 150 tons of hay, 150 shocks of wheat, and 100 shocks of oats. The defendant pleaded *not guilty*, and the issue was joined to the country. The plaintiff obtained a verdict for his full damages; and the case was brought up to this Court on exceptions taken by the defendant on said trial. The material facts, disclosed in the exceptions, were these: The plaintiff, as sheriff of the county of Chittenden, attached the property in question, by virtue of several writs of attachment, some of which were made returnable before a justice of the peace, and one was made returnable before the county court. The property was not moved by the plaintiff, but copies left with the town clerk. These writs were in favor of several creditors, and were all against one Elihu C. Barber. Judgement was rendered in all these suits, and the creditors took out their executions, and de-

livered them to the plaintiff, to be levied on the property attached.
The plaintiff advertised the property for sale ; and, on the day of
sale, the defendant pretended he had bought it of Barber,and for-
bade the plaintiff from selling it.   The defendant's counsel did not
insist upon any title in the defendant by virtue of this sale.   It also
appeared, that the defendant had taken a part of said property into
his possession, and converted it to his own use.   But it did not
appear that he had any control  over, or actual possession of, the
remainder.   It did not appear, that the defendant had had  per-
sonal notice of said justice's suits, nor that any continuances were
had to give him notice, nor that any bonds were given before the
issuing of the justice's executions, as required by statute, where
the defendant is out of the state ; nor was there any minute  made
by the plaintiff on said  county court execution of the  time when
the same was delivered to him : but parol evidence was admitted
to prove this.   The defendant contended, that the plaintiff could
not maintain the action for want of actual possession of the prop-
erty ; and that if he could  recover at all, it  must be only for
the property actually converted by the defendant.   Upon all the
questions raised, the court instructed the jury in favor of the plain-
tiff, and exceptions were taken by the defendant to all the decis-
ions made on said trial.   The jury returned a verdict for the
whole claim of the plaintiff.   These exceptions were  argued at
this term.

C. Adams, for the defendant.—1. Leaving a copy at the town
clerk's office does not amount to any taking of the property.

2. Leaving a copy may create a lien which will bind the prop-
erty against subsequent sales or attachments, but creates no oth-
er right.

3. Plaintiff had  no sufficient interest in the goods  attached to
enable him to sustain this suit.— Chit. Pl. 150 ; 2 Esp. N. P.
182 ; Wilbraham vs. Snow, 2 Saund. 47.

4. The forbidding the sale, was not a conversion.— Chit. Pl.
157 ; 6 Bac. Ab. 679 ; Isaac vs. Clark, 2 Mod. 245.

5. The executions were improperly  admitted.—Statute, 129 ;
Statute, 213.

Bailey and Allen, for the plaintiff.—I. The first question
made by defendant is, whether the plaintiff has lost his lien on
the property attached at the suit of Emerson and Orvis by neg-
lecting to indorse on the execution the time when he received the
same.

CHITTENDEN,
*December,*
1831.

Lowry
*vs.*
Walker.

1. This objection to the plaintiff's recovery is founded on the 10th section of the act directing the mode of levying and serving executions, (*Comp. Laws, p.* 213,) which prescribes that, " every sheriff, constable, or other officer, to whom any execution shall be delivered, upon the receipt of the same, shall, without fee, endorse upon the back thereof, the day of the month and year, when he received the same.　And, if two or more executions shall be delivered against the same person, that which was first delivered shall be first satisfied." It is observable that this act relates wholly to the service of executions, and contains no reference whatever to attachments.　The latter clause of the section is a key to the object of the whole.　The design of the section is to secure a priority of service to the execution first delivered, and the first clause is introduced for no other purpose than to ensure the execution of the latter.　It is merely intended to provide a method of establishing the priority of right between different executions.　It is directory to the officer, and the statute has annexed no forfeiture to its non-observance.—See *Bealls* vs. *Guernsey,* 8 *Johns. Rep.* 41, where this point is expressly decided.

2. The files and papers made a part of the case, show, that the judgement in favor of Emerson and Orvis was not rendered until after the commencement of plaintiff's action, and the entry thereof in court ; and the cause must be tried upon the facts as they were either at the time of the service of the writ, or of joining issue, and the defendant certainly cannot under this plea avail himself of a defence which arose after the pleadings were closed. Had the cause been tried at the term when issue was taken on the plea, no such question could have arisen, because the thirty days had not then expired.　The right of the plaintiff at the time of the conversion was perfect, nor had it been defeated, if at all, at the time the issue was taken ; and as the defendant claims no right, he cannot now question that of the officer.　As against a wrong doer, it is enough if the plaintiff has *scintilla juris,* and this he has by reason of his responsibility to the principal debtor, even if the lien would have been lost as against a *bona fide* purchaser. —*Gibbs* vs. *Chase,* 10 *Mass. Rep.* 125 ; *Whittier* vs. *Smith et al.* 11 *Mass. Rep.* 211.　Indeed, original plaintiffs need not have taken out execution at all.—*White* vs. *Bagley,* 7 *Pick.* 288 ; *Cooper* vs. *Mowry et al.* 16 *Mass, Rep.* 5 ; *Jenny* vs. *Rodman,* 16 *Mass. Rep.* 464 ; *Burrows* vs. *Stoddard,* 3 *Conn. Rep.* 431.

II. Can the officer maintain trover without having removed the goods? The statute (*Comp. Laws, p.* 107) provides, that an attachment by leaving a copy, &c., "shall be as effectual to hold said property, against all subsequent sales, attachments, or executions, as if said property had been actually removed, and taken into the possession of such officer." These general words seem intended to put the attachment on the same footing as those made in the ordinary mode by removing the property. The act describes the property as "subject to waste by removal," and was doubtless intended for the benefit of the debtor, and not for the convenience of the officer. It could not have been to abridge the right of the officer to control the property so attached ; and if not, it cannot be supposed the legislature meant to change the mode of enforcing that right. Suppose property so attached is eloigned by one, without right ; must the officer be left to his remedy, by special action on the case, against the *tort feasor*,who,perhaps,may be wholly irresponsible? and may he not rather, as in other cases, enforce his lien by a re-caption of the property ? The officer must have the right to convert his constructive possession into an actual one at any time ; and all the act has done is to change the *indicia* of his possession. In ordinary circumstances, a change of the legal possession of personal property is evidenced by its removal, and a removal is necessary only for the purpose of giving greater notoriety to the transaction. In this case the act has provided a different mode of giving notoriety to the attachment. But providing a new mode of establishing a right does not take away that right. If by the attachment the officer acquires a right of reducing the property into his possession, he may maintain trover against any one who interferes with that right.—*Merrill* vs. *Sawyer and Bryant*, 8 *Pick.* 397 ; 2 *Phil. Ev.* 118 ; 1 *Chit. Pl.* 151–2 ; *Fowler* vs. *Down*, 1 *B.* & *P.* 45 ; 6 *Bac. Ab.* 682.

III. Upon the question, as to the sufficiency of the evidence to show a conversion of the whole property,we cite, *Gibbs* vs. *Chase*, 10 *Mass. Rep.* 125 ; *Bristol* vs. *Burt*, 7 *Johns. Rep.* 254 ; *Baldwin* vs. *Cole*, 6 *Mod.* 212 ; 6 *Bac. Abr.* 679 ; *Richardson* vs. *Atkinson*, 1 *Strange*, 576 ; 3 *Starkie's Ev.* 1493 ; 2 *Esp. N. P.* 191.

IV. A further question is, whether the lien is lost, as to those attachments where judgements were taken without a continuance or bail for review. It is sufficient to observe on this point, that the case does not show (nor was such the fact) that Barber was

CHITTENDEN
*December,*
1831.

Lowry
*vs.*
Walker.

CHITTENDEN
December,
1831.

Lowry
vs.
Walker.

out of the state, at the time the writs were served; and this the court will not presume. But were this otherwise, the defendant in this action, being a *tort feasor*, could take no advantage of the neglect of plaintiffs in this action. The executions were regular in point of form, and the officer was bound to execute them, by levying them on the property he had attached. He could not know, nor would he have a right to inquire, whether notice was proved to the court; and in an action against him by the original plaintiffs for neglecting to levy the executions, he could not show a want of notice to a judgement debtor as a defence,—(6 *Bac. Abr.* 166.) Being, therefore, bound to levy upon the property, he may maintain an action against any one who, without right, prevents him from discharging that duty.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*—
The first question raised upon the record is, whether it was competent for the plaintiff, whose duty it was, on receiving the execution, to enter thereon the day, month and year, when the same was delivered to him, to prove the same by parol testimony? There seems to be no difficulty in this question, in the present case, for the plaintiff's lien upon the property was established by his service of the attachment. This lien must remain in the officer for the benefit of each creditor, so long as such creditor pursues his lien, created by the attachment. When the lien of the creditor is off, the sheriff holds for the benefit of the debtor. The defendant, in this case, does not even contend that he has made out such a purchase from Barber, the original debtor, as to stand in his right, and hold where Barber might hold. He stands a stranger to title, and has no right to call in question what might be litigated by the creditor and debtor. The plaintiff is liable to one or the other, and, as between these parties, it is unimportant whether the execution were delivered to the officer within thirty days from the rendition of the judgement, or at a later period. This first exception of the defendant is overruled.

The same reasoning will dispose of the question in regard to the regularity of the several executions issued from the justice courts. If the creditors lost their lien by not pursuing with regularity, that results in the revived right of the debtor, and the plaintiff would be liable to him. This objection cannot avail the defendant. Even Barber himself ought not to be permitted to treat these executions as irregular and void, before instituting some process to set them aside. If the court never had jurisdiction, the execution

would be void of course ; but, when the action is once regularly
before a court of competent jurisdiction, so gross an irregularity
as to render the after proceedings void, is not to be presumed
merely from a defect in the record, to show a notice proved, or
actual appearance of the defendant.  On a writ of *audita querela,*
or motion to set aside the execution, the fact of notice may be
enquired into.  If either of these prevail, the creditor may set
out anew, and pursue his claim with regularity.

The defendant further objects, that the plaintiff has no sufficient
title or possession to recover in this action, because he never
moved the property from the custody of Barber.  The Court,
however, consider, that the leaving the copies with the town clerk,
according to the provisions of the statute, has the same effect to
create a lien, or a right of action, as an actual removal of the prop-
erty would have had.  The attaching officer has the legal custo-
dy, after leaving the copies, of such property as this, during the
pendency of the suit, and he alone can maintain an action for it,
for the benefit of the attaching creditor.

With regard to the extent of the plaintiff's claim, the instructions
given to the jury were as follows, to wit : " That if the defendant in-
termeddled with the property, by taking a part of it, or forbidding
the sale by the officer, it was a conversion of the whole ; and, in that
case, he would be responsible to the amount of all the claims, pro-
vided the same did not exceed the value of the property, alleg-
ed to be converted by the defendant."  We think the instructions
upon this point incorrect, unless the proof had gone further, and
shown, that the defendant had, in some way, some control over
the property, such as standing upon timber, in one case cited ; or
having soldiers around him to aid him in keeping the property,
as in another case cited.  The defendant is only liable for what
he was proved to have actually converted, or to have taken some
control over, more than merely to forbid the officer to sell.

For this incorrectness in the charge, a new trial is granted.

*C. Adams,* for defendant.

*Bailey & Marsh, and H. Allen,* for plaintiff.