CHITTENDEN
December,
1831.

MOSES BLISS *vs.* ALBERT and ALONZO STEVENS.

When property is attached on *mesne process*, the delivery of the execution to the officer who made the attachment within thirty days from the rendition of the judgement, is a taking of the property in execution within the meaning of the statute, so far as respects the support of the lien of the creditor.

When property is attached by a sheriff's deputy, the delivery of the execution, within the thirty days, to another deputy of the same sheriff, and informing the latter deputy of the attachment, equally supports the creditor's lien ; the act of each deputy being, in a civil point of view, the acts of the sheriff himself.

When the creditor's lien is kept good, by delivering the execution to the officer within thirty days, a demand of the property of the receiptors, after the first thirty days, and in the life of the execution, is sufficient to charge them.

The production of an execution in such cases may be dispensed with by proof of its loss.

This was an action of *assumpsit* brought by the sheriff upon a receipt for property, attached by George A. Allen, a deputy of the plaintiff. The execution was delivered to Amos W. Butler, another deputy of the plaintiff, who made demand of the property of the receiptors in the life of the execution, but after the expiration of the thirty days from the rendition of the judgement. The case came up from the county court, upon a long bill of exceptions, taken by the defendants, against whom a recovery was had. The only questions now agitated were, whether the loss of the execution was sufficiently proved, and whether the property was seasonably demanded. The facts sufficiently appear in the arguments and opinion.

*Bailey and Marsh, for the defendants.*—There are two questions in this case ; *First,* Whether there was a taking of the property in execution, within the meaning of the statute, within the thirty days ; *Second,* Whether there was sufficient evidence of the

loss of the execution, to justify the court in dispensing with the production of it.

CHITTENDEN,
December,
1831.

Bliss
vs.
Stevens et al.

I. A taking in execution was doubtless necessary, for the language of the statute, (*Compiled Laws, p.* 68,) is very strong : " And, unless the plaintiff in said suit shall within the term of thirty days, &c., *take the property in execution,* the same shall be discharged from said process, and be no further liable to answer said judgement than though the same had not been attached." The testimony of Mr. Porter was probably sufficient to show the execution into the hands of A. W. Butler, within the thirty days; but there was no evidence of a demand upon either of the receiptors, or upon Allen, the attaching officer, within that time. In examining whether a demand was necessary, we are to consider, that the property attached went immediately back into the hands of the original debtor, (he being one of the receiptors,) and that, therefore, there is no liability on the part of the sheriff to him ; and if the attachment has been dissolved for want of a demand, the sheriff cannot recover on the ground of such liability, as he might have done, had the property gone into the hands of a third person, who refused to deliver it on demand.—*Knapp* vs. *Sprague,* 9 *Mass. Rep.* 258. The necessity of a demand upon the receiptors to constitute a taking in execution, in this case, appears from the consideration, that the property went back into the hands of the original debtor ; and that of notice to, or a demand upon, the attaching officer, or of a demand upon the receiptors by his authority, from the fact that the execution was not delivered to the same deputy, who attached the property, but to another deputy of the same sheriff.

1. Taking in execution, in the ordinary use of the words, imports an actual seizure. But it is said there may be a constructive taking. In England, the chattels of the debtor are bound from the delivery of the execution ; and it may well be doubted, whether the bare delivery of the execution here, has, under *any* circumstances, any greater effect on the property than in England. It certainly gives the officer no new right, no additional power over property, already in his possession by virtue of the attachment, except a power of sale. It does not create a constructive possession, unless there was an actual possession before. The right, which the sheriff has in England over the debtor's goods after delivery of the execution, and before seizure, is a mere naked lien, not coupled with any idea of a constructive possession ; a power to seize the property wherever he can find it ; but he cannot maintain trover or trespass for it *unless he has*

CHITTENDEN,
December,
1831.

Bliss
vs.
Stevens et al.

*first actually seized it.* The English law, then, furnishes no analogies, whereon to found the notion of a constructive taking in execution ; and the only cases where it has ever been holden in this state, or other states where the practice of attachment is known, that the delivery of the execution to the sheriff was a taking in execution, are cases, where the property had been attached, and remained in the *actual* custody of the sheriff, or his servant. It is not necessary for us, nor are we at all disposed, to combat the doctrine, as applicable to such cases ; because here the property did *not* remain in the actual, or constructive, possession of the sheriff ; but went back into the hands of the general owner. The right, which the sheriff acquires to chattels by attachment here, and by delivery of the execution in England, is a special property in the nature of a lien, and the general property remains in the debtor, who may lawfully sell the goods, subject to the lien.—2 *Bac. Ab.* 721, 723 ; *Hotchkiss* vs. *McVicker*, 12 *Johns. Rep.* 403 ; *Bliss* vs. *Ball*, 9 *Johns. Rep.* 132 ; *Payne* vs. *Drew*, 4 *East*, 523 ; *Johnson* vs. *Edson*, 2 *Aikens' Rep.* 299. But this lien, in the case of attachment, must be accompanied with possession, either personal or through a servant ; and, whenever the possession is given up, the lien is gone. The special property, which the sheriff acquired by the attachment, is determined by the redelivery to the general owner ; and a sale or subsequent attachment is good ; attachments having always been holden to be governed by the principles laid down as to sales in *Edward* vs. *Harben*, 2 *T. R.* 587 ; and it is the general rule, with respect to pledges and liens of all sorts, that a voluntary delivery of the property to the general owner defeats the lien.—*Fletcher* vs. *Howard*, 2 *Aikens' Rep.* 115. There is, then, no pretence for saying, in the present case, that the property was constructively in the hands of the sheriff, and, of course, there is no room for the application of the principle of a constructive taking in execution.

2. But if it be admitted, that a bare delivery of the execution to the same deputy who attached the property, would be good to bind it, yet, it by no means follows, that a delivery to another deputy of the same sheriff would be so. The statute provides that the doings of the deputies shall be taken as the acts of the sheriff; that is, that the sheriff shall be liable for the acts and neglects of his deputies, in the same manner as for his own ; and though he may generally adopt the acts of his deputies, and bring actions on receipts, taken to them, yet, whenever he does so, he is but the trustee of the deputy, (unless he has been damnified by his neg-

lect in the same case,) and therefore, can have no greater rights <span style="float:right">CHITTENDEN<br>*December,*<br>1831.</span> than the deputy would have, were the suit in his name.  If the attachment was dissolved, and the receipt defeated, so that Allen could not maintain an action upon it in his own name, it cannot be set up again, by bringing the suit in the name of *Bliss.*  Could Allen then maintain the action ?  He was not liable to the *debtor,* because the property had gone back into the debtor's hands ; and he could not maintain an action, unless it was on the ground of his liability to the creditor through the sheriff : for it has always been holden, that the sheriff's right to recover upon receipts, or for a violation of his right to the property attached, is founded upon his liability over to either debtor or creditor.  But is Allen liable to the creditor ?  The case does not show, that the property had been demanded of him ; or that he had notice, that execution had been issued, and put into the hands of his brother deputy ; and he could not be bound to take notice of the delivery to A. W. Butler, because Butler was not his agent or servant.  Without such notice, he not only was not bound to keep the property more than thirty days, but it would have been his duty, at the expiration of that time, to have redelivered it to the debtor, if he had retained it in his own hands.  A formal surrender of the property to the debtor was impracticable, in the present case, because he had already redelivered it to him, taking his receipt for it ; and, at the expiration of thirty days, the law did what the officer would have done, had he kept the property in his own hands, by discharging the attachment.  In *Scott* vs. *Crane,* 1 *Conn. Rep.* 255, it was holden, that, under circumstances like those of this case, there must be a demand of the attaching officer, in order to make him liable, and the universal practice in Vermont is, for the officer, who holds the execution, to notify the attaching officer, and take of him the receipt, without which he can have no authority to make a demand.

II.  There was no evidence, from which the destruction or total loss of the execution could legally be presumed.  The supposition of the witness, that he had returned it to the clerk was sufficiently negatived by the testimony of the clerk ; and the witness could not know, that the execution was not among his own papers, without a search for that purpose.—2 *Stark. Ev.* 350.

*Mr. Porter, for the plaintiff.*—A delivery of execution in thirty days to the same officer who attached, is charging in execution.— *Enos* vs. *Brown,* 1 *Chip. Rep.* 280.  A deputy sheriff is a mere

CHITTENDEN
December,
1831.

Bliss
vs.
Stevens et al.
servant of the sheriff, and his acts are the acts of the sheriff.—— Smith vs. *Joiner and Wood,* 1 *Chip. Rep.* 62. The statute is full to the same purport. Therefore, a demand on the receiptor in sixty days is sufficient. Where an attachment was made by a deputy sheriff, and property was demanded by a constable, holding the execution, it was held sufficient.—*Davis* vs. *Miller,* 1 *Vt. Rep.* 9.

It is not necessary for the officer to show the execution or receipt, when he demands property, unless requested. Nor is it necessary for him to return the execution, as his return is not evidence of a demand.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— It appears by the exceptions, that the plaintiff was unable to produce on trial the original execution, which was delivered to his deputy, Butler, for him to levy upon, and sell, the property in question; and he offered testimony to show it lost—testimony, which the county court admitted, and adjudged sufficient to show the loss. We have no doubt, nor does there seem to be any question, but that the loss of an execution, wanted for the purposes of this suit, may be proved like the loss of any other paper. And we think the testimony adduced, in this case, if it gained credit with the court, was sufficient to prove the loss. It appears, that the deputy, who had the execution and made the demand of the property, on receiving a discharge from his interest, and being sworn, testified, that he thought he returned the execution to the clerk where the same was made returnable ; that, though he had not looked over his papers with the particular view to find this execution, yet he had looked them over so often of late, that he was sure it was not in his possession. The clerk being sworn testified that he had made full search for it among his papers, and could not find it. The next question is, whether the demand of property was seasonably made, to bind the receiptors. This question is rather subdivided in argument, as will soon be noticed. Upon this part of the case, the testimony was, that the execution was delivered to Amos W. Butler, the plaintiff's deputy, four or five days before the expiration of thirty days from the rendition of the judgement, with directions for him to demand, and levy upon the property attached upon the original writ by Allen, another deputy of the plaintiff. Butler, after the expiration of said thirty days, but in the life time of the execution, demanded the property of each of the receiptors, the present defendants. It does not

expressly appear, whether he had the receipt, given to Allen ; but

he seems to have discovered correctly who signed the receipt, and made the demand upon the right persons ; and they made no objection to deliver till the receipt could be produced, but said in general terms, that they were not ready to deliver the property. This must be considered as a waiver of any objection, which they might then have urged, if the receipt was not present. It might also be sufficient ground for the jury to presume, that the receipt was in the hands of Butler, ready to be delivered up on delivery of the property, and that it was so understood by them all at the time. But no such question seems to have been submitted to the jury, or raised on the trial. It will be recollected, that the production of the execution, in this cause, was of no other substantial use, than to rebut the presumption of payment, and to show, that it had not been kept back in the hands of the creditor or his attorney, to the destruction of the plaintiff's lien upon the property. This last seems fully proved by the oath of the person, who delivered the execution to Butler, having his memory refreshed by a receipt Butler gave for it, at the time of its delivery.

The remaining question is, whether the execution was so pursued and the demands so made, as to keep good the plaintiff's lien upon the property ? Did the attaching creditor, then, cause the property attached to be taken on his execution within thirty days from the rendition of his judgement ? It seems he delivered out his execution within said thirty days ; but he did not diliver it to the same deputy sheriff, who served his writ of attachment, but to another deputy of the same sheriff. Had he delivered it to Allen, who made the attachment, the property was not in his actual custody, to be levied upon in fact, momentarily. It was out in the hands of the receiptors. It seems not to be denied, that, had it been delivered to Allen, and had the property then remained in his actual possession, it might have been considered as levied, forthwith, upon the property. This is evidently correct ; for no ceremony of taking, or seizing, the property, already under his control, could be necessary. He might advertise it for sale as soon as he received the execution, and that without seeing it, or passing any other ceremony. But it is said, that this principle has only been extended to the cases where the property was in the actual custody of the officer, or his immediate servants, and not to cases, where the property had been receipted, and gone back to the possession of the original debtor, as in this case. Probably this distinction has not been much observed in practice, and

CHITTENDEN
December,
1831.

Bliss
vs.
Stevens et al

it surely cannot stand upon any practical principle. When the sheriff attaches property, he keeps it in his own way. The creditor has no control over it. He has a right, at all times, to suppose the officer to be the actual keeper. And, upon that supposition, he gives his execution to the officer, for him to levy it forthwith, or consider it as levied, and proceed and sell according to law. This is all the creditor can do, unless he becomes an officer himself, which cannot be : and, when he has done this, which is all he can do, he has caused the property, in a legal sense, to be taken in execution. In other words, he has perfected his lien. And the attaching officer, thus receiving the execution, must, at his peril have the property where he can levy upon, and sell it. It is no excuse for him to say, he has delivered it out on a receipt, and it has gone back into the possession of the debtor. That is a matter for him and the receiptors to settle, as they can agree, or as the law will settle it between them. The officer's remedy is upon his receipt, like the present action. But it is urged, that the officer loses all remedy upon his receipt, unless he demands the property of the receiptors within thirty days from the judgement. If the officer's rights are so limited, it must be by construction merely ; for the statute contains no such limitation. When the creditor's lien is gone, the officer can have no remedy against the debtor himself, or those jointly holden with him. Also, *e converso*, when the creditor has so pursued as to preserve his lien, the officer should have a remedy upon his receiptors, unless he has forfeited it by some gross neglect, prejudicial to the receiptors. But the creditor's lien is as well preserved by delivering the execution to the same attaching officer, or by a demand on him, the last hour of the thirty days, as at any previous time. In many such cases, it may be impossible for the officer after he is rendered liable to the creditor, to make a demand of the receiptors within that hour, or even on the same day. It is, therefore, a necessary construction of such a receipt, in connection with the provisions of the statute, that the officer, being rendered permanently liable to the creditor, may demand the property of the receiptors at any time in the life of the execution, so as to levy upon, and sell it under the authority of the execution. This was decided in the case of *Strong* vs. *Hoyt*, reported in 2d *Tyler*, *p*. 208. There, Strong, as constable, attached personal property of one Starr. It was receipted to him by Hoyt. After judgement, and within thirty days, the creditor perfected his lien, by causing a demand to be made of Strong, who could not deliver the property to the officer, having the execution, because

CHITTENDEN,
December,
1831.

Bliss
vs.
Stevens et al.

it was gone to his receiptor. Strong had to pay the debt, and, about six months after the rendition of the judgement he demanded the property of Hoyt, and brought his action. Upon proving the creditor's lien on him to have been kept good, and also proving the property to have been actually converted before the judgement was rendered, he recovered of Hoyt, and collected his money. By some mistake, there is printed, at the end of that report, a motion in arrest, and the decision of the Court upon it ; but the records of the case, and the recollection of all who yet live, and who were present during that trial, will show, that no such motion was ever made in that case. It must have been made for some other case, and wrongly placed where it is. So in the case of *Enos* vs. *Brown*, 1 *D. Chip. Rep.* 280. Burk, a deputy of Enos, served a writ and attached the property of Daniel Brown. Israel P. Brown receipted the property. The suit was prosecuted to judgement and execution. Within the thirty days, the execution was delivered to Burk. He made no demand of the receiptors till after the thirty days expired, but made it in the life of the execution. This was holden sufficient, and Enos, the sheriff, recovered. And this last case was decided *on a writ of error*, and probably upon good consideration. The result both of principle and authority supports the decision of the county court, in the case before us, if the execution had been delivered to Allen, the deputy, who made the attachment, instead of being delivered to the other deputy, Butler. The statute of this state, regulating the office and duty of sheriff, makes the sheriff liable to the creditor for all damages, arising from the act or neglect of any of his deputies ; and expressly enacts, that the acts of the deputy shall be considered as the acts of the sheriff. Under this statute, the most proper mode of declaring is, to say nothing about a deputy sheriff, but allege that the writ or execution was delivered to the sheriff, and that he did the act, or was guilty of the neglect, complained of. So, in an action upon such a receipt, as is here in suit, the sheriff might allege, that he served the writ, and attached the property and took the receipt ; and that the execution was delivered to him, and he made demand of the receiptors. And proving all done by and with his deputy, supports his allegations. In contemplation of law, upon the facts before us, *Moses Bliss* made the attachment, and took the receipt from these defendants, and the execution was delivered to *Moses Bliss* within thirty days from the rendition of the judgement. He, at a convenient time in the life of the execution, demanded the property

CHITTENDEN, of the defendants, the receiptors ; and they neglected or refused
December, to deliver it, so that he might levy the exeeution upon it. Upon
1831.
this state of facts, he has recovered a judgement against these
Bliss
vs. defendants, in the county court.
Stevens et al.
That judgement is found correct, and is affirmed.