## LUTHER P. BLODGETT *v.* CHARLES ADAMS.

*Officer, the interest he acquires in property by attachment. Bailment. Demand. Exceptions.*

An officer acquires a special property in the goods or chattels, by attaching them in a manner authorized by Statute; and by the same means he also acquires a sufficient possession, to enable him to support trespass or trover for any wrongful taking or conversion of the property.

And the action can as well be sustained against the defendant in the attachment, as against a stranger.

The Statute does not imply a bailment of the property so attached from the officer to the defendant in the process ; and such defendant can only interfere, by express permission of the officer, or to secure the safety and preservation of the property.

When an attachment is made by one officer, and the execution is delivered to another, in order to perfect the lien, the creditors are not only bound to place their execution in the hands of a proper officer within thirty days from the recovery of judgment, but cause the property to be demanded of the officer making the attachment within that period, by the officer holding the execution.

A case brought into the Supreme Court on exceptions, is heard and decided as if it were pending upon a writ of error.

TROVER, for a quantity of hay, corn, rye, oats and wood. Plea, general issue and trial by the court.

The plaintiff proved, that as sheriff of Chittenden County, on the fifth day of September, 1848, he attached, as the property of the defendant, by virtue of a writ of attachment, in favor of Strong, Doolittle & Co., " all the hay and grain situated in Burlington, in " the barns on the farm or farms of land owned or occupied by " said defendant in Burlington, and left a copy of," &c., &c., that the writ was returned and a judgment thereon, and execution issued, on which the sheriff, E. D. Mason, made return that, " on " diligent search throughout his precinct he could not find either " the goods, chattels or estate of the defendant."

" Also introduced evidence tending to show, that at the time of the attachment, among other things, the defendant had a quantity of hay, of more than fifty tons, and that during the subsequent winter it was mostly if not all fed out under his direction, to his stock.

Upon this evidence the defendant insisted that the plaintiff was

Blodgett v. Adams.

not entitled to a judgment for the amount of the judgment of *Strong, Doolittle & Co.* v. *Adams.* The defendant also insisted, among other things, that as the plaintiff's claim was that of a special owner against the general owner, and at most was but a lien for the security of the demand, in the original attachment of Strong, Doolittle & Co., that in order to perfect that lien, the officer having the execution must make demand of the property attached, or of the money, and probably of both; but the court rendered judgment for the plaintiff, for the amount of the judgment of Strong, Doolittle & Co., and the interest.

The court found from the evidence, that the value of the hay attached and fed out by the defendant, as before stated, much exceeded the amount due on said judgment of Strong, Doolittle & Co., against the defendant. To all which the defendant excepted.

The defendant, *per se.*

A new trial in this case will be granted, because the goods attached were not legally charged in execution, and the *lien* is lost. The attachment was made by plaintiff Blodgett, but the execution was delivered to his successor, E. D. Mason, and no demand made of any one. *Enos* v. *Brown,* 1 D. Chip. 280. *Clark* v. *Washburn,* 9 Vt. R. 302. *Ayer* v. *Jameson,* 9 Vt. R. 363.

This action could not be maintained without a demand upon the defendant for the goods or the money.

Goods attached, and in the custody of the owner, by the consent or license of the officer, are the subjects of contract, but not of tort.

The want of a demand is not excused by attempting to show a conversion, for in all cases the use is a lawful act in the owner, and if on demand, he has *like goods,* or the money to satisfy the *lien,* the implied undertaking on his part is performed.

*L. E. Chittenden* and *E. J. Phelps* for plaintiff.

The destruction of the attached property by the defendant, was an unlawful conversion. In such case no demand is necessary in order to sustain trover.

No other point is presented by the bill of exceptions, which does not profess to set forth all the facts upon which the plaintiff recovered, but only such as are necessary to present this question, being the only one raised at the trial.

Blodgett *v.* Adams.

The opinion of the court was delivered by

ROYCE, Ch. J. The case involves no question to be considered, except in relation to the hay sued for, though other property was also embraced in the declaration. The plaintiff acquired a special property in the hay, by attaching it in a manner authorized by statute. By the same means he also acquired a sufficient possession to enable him to support trespass or trover for any wrongful taking or conversion of it. *Lowrey* v. *Walker*, 4 Vt. 76, S. C. 5 Vt. And the action can as well be sustained against the defendant in the attachment, as against a stranger. The statute does not imply a bailment of property so attached, from the officer to the defendant, in the process. Such defendant can only interfere by express permission of the officer, or to secure the safety and preservation of the property. And hence, we cannot accede to the proposition urged in argument,—that a demand upon the defendant was requisite to perfect the cause of action. He was not connected by any privity of contract with the plaintiff's right, but must be taken to have acted in open disregard and violation of it.

But the defendant being the general owner, whose right to control and use this property would at once become absolute upon a dissolution of the lien created by the attachment, he could not be ultimately subjected on account of the property, except in the event that the lien should be perfected. The property must have been "taken in execution," within the meaning of the statute, and the plaintiff fixed with an absolute liability in favor of the attaching creditors. And in order to effect this after the plaintiff had ceased to be sheriff, the creditors were bound, not only to place their execution in the hands of a proper officer within thirty days from the recovery of judgment, but to cause the property to be demanded of the plaintiff, within that period, by the officer holding the execution. *Enos* v. *Brown*, 1 D. Ch. 280, *Bliss* v. *Stevens*, 4 Vt. 88. *Ayer* v. *Jameson*, 9 Vt. 363.

We have only to determine, then, how the case is to be understood and treated, with reference to proof at the trial, of this necessary demand upon the plaintiff. A case brought into this court on exceptions, is heard and decided as if it were pending upon a writ of error. And unless sufficient appears in the bill of exceptions to convince the court that error has been committed, the judgment excepted to, is of course to be affirmed. Error is.

XXIV.        3

Blodgett *v.* Adams.

not to be conjectured for the purpose of reversing a judgment. In accordance with this rule, when the evidence detailed or referred to, is not certified to have been all the evidence upon a point, we frequently presume that other and sufficient evidence was given. But when the more rational and probable inference is, that the case presents the very state of facts or evidence on which the decision was based, such inference will not be controlled by any counter presumption in aid of the decision. And if a case should happen to be so drawn up and allowed, as to furnish such an inference contrary to the true state of the evidence on trial, the proper course would require an amendment of the case before a hearing on the exceptions.

It is stated in the present case, that when the plaintiff had shown his attachment of the hay,—the recovery of judgment by the attaching creditors,—the delivery of their execution to the new sheriff in season to hold the property attached,—and a general return of *nulla bona* by that officer upon the execution ;—the defendant insisted that, "on this evidence, the plaintiff was not entitled to a judgment for the amount of the judgment of Strong, Doolittle & Co. against Adams ;"—and that in order to perfect the lien by attachment, "the officer having the execution must make demand of the property attached, or of the money, and probably of both." The case proceeds immediately to say,—"But the court rendered judgment for the plaintiff, for the amount of the judgment of Strong, Doolittle & Co., and the interest ;" that amount being less than the value of the hay taken and used by the defendant. Now it is possible that distinct evidence may have been given at the trial, to prove a demand upon the plaintiff. But we think the case, upon the most natural and obvious construction to be given to it, excludes the presumption of any such evidence. It is therefore to be taken, that the right to recover was adjudged to be established, with no other evidence to prove the demand, than such as the return upon the execution may have been supposed to afford. That return imports a general search for the debtor's property, but furnishes no evidence, as we consider, of the special demand upon the plaintiff, which was indispensable. The judgment below must be reversed, and the cause remanded for another trial.