---
Darling *v.* Dodge.
---

## COUNTY OF HANCOCK.

(\*) DARLING *versus* DODGE.

Though personal property be of such a character, that it cannot be removed immediately, an attachment of it cannot be made by a mere indorsement upon the writ.

The officer must be present and take the articles into possession, in order to justify the return of an attachment upon the writ.

Such return is *conclusive,* that the property therein described has been attached.

Parol evidence is admissible to identify the property attached.

In the business of buying or selling fire-wood, one class is denominated *hard* wood, and another class is denominated *soft* wood.

To which of these classes a particular species belongs, is for the decision, not of the Court, but of the jury.

Until it be shown, that instructions given to the jury, upon the evidence, was erroneous, exceptions thereto must be overruled.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding.

[This case, though recently handed to the Reporter, was argued to the Court in 1850, before the passage of the Act, which disqualified a Judge from taking any part in an ultimate decision, by which any of his previous rulings or decisions in matter of law might be overruled or reversed.]

TROVER for a quantity of cordwood.

The plaintiff, an officer, attached, as the property of John Marks, "sixty cords of soft cordwood, more or less, now laying near the eastern end of the bridge leading over McHard's stream," as appears by his return on the writ and by the record of the clerk of the town in which the attachment was made.

It was proved *that* the wood had been cut, hauled and

Darling *v.* Dodge.

piled up by John Marks before the attachment, whether done for himself or for another person, was a question in controversy; *that* it consisted of pine and spruce, and white birch and white maple, intermingled together, in proportion of about two thirds of spruce and pine, and one third of white birch and white maple; — *that* it was all cut from the same land and at the same time, and hauled intermingled without separation of one kind from the other, and that it continued so intermingled till it was taken away and sold by the defendant, after the attachment. For that taking and selling, this suit is brought.

It was contended by the defendant, that the attachment would not cover any of the birch and maple.

The Judge instructed the jury *that* the plaintiff could not recover for wood which was not attached and returned upon the writ; *that* if the spruce and pine were intermingled with the white birch and the white maple, when attached, and when the same was taken by the defendant, and the attachment was on the whole wood, without reference to the different species in fact, the jury would be authorized to consider, that the attachment was not limited to the pine and spruce.

To that instruction the defendant excepted.

*Tuck* and *J. A. Peters*, for the defendant, cited *Leadbetter* v. *Blethen*, 18 Maine, 327; *Hayes* v. *Small*, 22 Maine, 16; *Hathaway* v. *Larrabee*, 27 Maine, 449; *Robbins* v. *Otis*, 1 Pick. 368; 8 Johns. 253; 3 Term R. 67; 4 Term R. 314.

*Hinckley*, for the plaintiff.

TENNEY, J. — An attachment of personal property, like that in controversy, cannot be made by simply indorsing a return thereof upon the writ. It is the duty of the officer to be present at the place where it is situated, and take it into his possession, in order to justify him to make the return, that it has been attached. Where every thing is done to constitute and to show an attachment, and the property is of such a character, that it cannot be removed immediately, it may be

left in the place where taken and the attachment will continue effectual and valid, by filing in the clerk's office of the town, where the property was taken, a copy of the return and a certificate of other facts prescribed in the statute. R. S., c. 114, § 39.

The return of the officer is the evidence, that property referred to therein has been attached. But parol evidence is competent to show that the property attached, and that in dispute is identical. When the property is such, that the attachment is not dissolved by its being left in the custody of the debtor, there may be a question, whether the property claimed as that, which was returned or some other bearing a resemblance to it, is the subject of litigation. The attachment may be valid, although the return may not be so specific in the description of the property, as to render it certain, what was really taken by virtue of the writ. Parol evidence to settle such a question may with propriety be adduced. Two individuals may have at the same time and place, intermixed, timber and wood taken from trees of the same species. Each may know with perfect certainty, the part belonging to the one, and that belonging to the other. This property, so far as it is owned by one of the proprietors, may be attached on a writ against him, and left in his custody without vacating the attachment. Parol evidence may be the only proof in existence on the question, which was the part actually attached.

In the case at bar, it was essential to the maintenance of the action, that it should appear in some manner, that the wood taken by the defendant was the same which had been attached on the writ. If this fact was disputed, it would have been insufficient to show, that it conformed in its general appearance to that mentioned in the return. There may have been other parcels of wood at the same time and place, to which the return would be equally applicable. And parol proof of the wood which the plaintiff did take into his possession by authority of the writ would be proper.

If it was the design of the plaintiff to attach only the pine

and the spruce wood, and he had attached that and none besides, and so made his return, his claim would be restricted accordingly, notwithstanding it might be mingled with other kinds. But if he really took into possession, intending to attach it upon the writ, the whole of the four different species of the wood, and described it in his return, in such a manner that all could be embraced, no part could be excluded.

The return was of "sixty cords of soft wood more or less." Does the language of the return confine the attachment to the pine and the spruce wood? Goods may sometimes be attached and returned by a name, which will not apply to every minute portion of the article. Grain may be returned as wheat, when there may be in the parcel a few kernels of other grain. Hay may be represented in the return as English hay, notwithstanding there might be found a very inconsiderable part, which when separated, could not properly come within the general description. And if it were contended that these foreign substances were not attached, the objection would be regarded as hypercritical; and when from the nature of the article generally it could not be expected, that such small portion should be separated from the rest, it would not be improper that the return, designed to embrace the whole, should in the description make use of a term, to which the property would generally conform. In the case of the wood however, a separation would not be attended with difficulty, and when the proportions were two of pine and spruce to one of the other kinds, a return of pine and spruce would not with propriety embrace white birch and white maple.

The jury were instructed, that if the pine and the spruce were intermingled with the white birch and the white maple, as the evidence disclosed, when it was attached by the plaintiff, and when it was taken by the defendant, and the attachment was upon the whole wood in fact without reference to the different species, the jury would be authorized to consider the attachment as embracing the whole. The jury were left at liberty to regard the return as applying to all the wood, if

they were satisfied the term "soft wood" would embrace every species intermixed in the pile.

The term " soft wood" was probably intended to represent what in commerce has been applied to certain kinds of wood to distinguish it from other kinds. The precise definition of this term does not appear from the case to have been explained by evidence. The term is not one, to which the law has attached a specific meaning, and therefore the Court cannot with propriety expound it.

The case finds wood had been cut, hauled and piled upon the landing, where it was attached, by John Marks; that it consisted of the different species intermingled; that it was all cut from the same land, and at the same time, and that no separation took place before it was taken by the defendant, and it does not appear that any was made afterwards. If the value of the white birch and the white maple were embraced by the jury in their verdict, they must have found, that that portion was in fact attached with the pine and the spruce. A question involved in the controversy was, whether the property was that of John Marks, who cut and hauled the wood, it being attached on a writ against him, or that of the defendant. No reason was given for an omission to attach one species of wood more than the other; and until it can be shown to the satisfaction of the Court, that the instruction upon the facts reported was erroneous, the party against whom the verdict was returned is not to be regarded as prejudiced thereby.

*Exceptions overruled.*

HOWARD, J., concurred. — WELLS, J., dissented.