## Scott v. Manchester Print Works.

44 507
67 364

Where real estate is attached, the officer serving the writ gains no right of property in or possession of the real estate by the attachment.

The fourteenth section of chapter 184 of the Revised Statutes does not alter the mode of making an attachment of machinery, &c., but only provides a new method of preserving an attachment of such property.

Where an officer returned that he had attached certain machinery "by leaving a copy" of his writ and return with the town-clerk, &c., and it appeared that he did nothing to make an attachment except to leave such copy;—*Held,* that no attachment had been made.

Trover, for four iron retorts, iron pipe, and other machinery used in the manufacture of pyroligneous acid, coal and tar. The plaintiff having a writ for service in favor of one Brown against one Carter, made a return thereon as follows :

"Hillsborough ss., August 22, 1859. I this day attached all the right, title and interest that the within named defendant has in or unto any lands, tenements and buildings, or real estate whatsoever, lying or being situated in the town of Hillsborough, in said county, and all the machinery or apparatus, movable or otherwise, in or about his buildings, used for the purpose of manufacturing coal, acid and tar, and all the wood and lumber in or about said works, by leaving at the dwelling-house of William B. Whittemore, town-clerk of said town, a true and attested copy of the within writ, with a like copy of this my return indorsed by me thereon, at 6 o'clock and 10 minutes in the afternoon of said day.

CHARLES SCOTT, Deputy Sheriff."

The plaintiff did nothing to make an attachment, except to leave the copy with the town-clerk.

Brown recovered judgment against Carter. His execution was put into the plaintiff's hands within thirty days after judgment, and the plaintiff introduced evidence tending to show that the machinery referred to in his return on the writ, *Brown* v. *Carter,* had, after the date of his return, gone into the possession of the defendants ; that the plaintiff, within said thirty days, having the execution in his hands, demanded the machinery of the defendants, who refused to give it up ; that at the date of said return the retorts, weighing several tons each, were set in brick work, in the town of Hillsborough, with fires under them, and iron pipe connecting them with the other machinery, and after said date had been removed from Hillsborough to Manchester, and into the possession of the defendants.

The court ordered a nonsuit, and, the plaintiff excepting, the questions were reserved.

*Briggs & Teel,* and *Morrison, Stanley & Clark,* for the plaintiff, cited *Fullam* v. *Stearns,* 30 Vt. 443 ; *Perrin* v. *Leverett,* 13 Mass. 130 ; *Ashmun* v. *Williams,* 8 Pick. 404 ; *Kittredge* v. *Bellows,* 7 N. H. 399 ; *Putnam* v. *Clark,* 17 Vt. 82 ; *Plumer* v. *Plumer,* 30 N. H. 558 ; *Lathrop* v. *Blake,* 23 N. H. 46 ; *Reed* v. *Howard,* 2 Met. 36 ; *Bucklin* v. *Crampton,* 20 Vt. 261 ; *Noble* v. *Bosworth,* 19 Pick. 314 ; *Buckley* v.

*Buckley*, 11 Barb. 43; *Reynolds* v. *Shute*, 5 Conn. 323; *McDaniels* v. *Moody*, 3 Stew. 314; *House* v. *House*, 10 Paige 158; *Bank* v. *Emerson*, 15 Mass. 159; *Conner* v. *Coffin*, 23 N. H. 538.

G. Y. *Sawyer*, for the defendants.

BARTLETT, J. If the articles in question are to be regarded as part of the realty, and that had belonged to Carter, still the attachment, if at all effectual, would have given this plaintiff, the officer who served the writ, no right of property in or possession of the real estate. *Kittredge* v. *Warren*, 14 N. H. 526.

If the articles are to be regarded as personal property, we think the return does not show a sufficient attachment. In *Lathrop* v. *Blake*, 23 N. H. 59, the question whether machinery could be attached by merely leaving a copy of the writ and return with the town-clerk was left undecided.

Section 14 of chapter 184 of the Revised Statutes provides that "the officer attaching grain unthreshed, &c., manufacturing or other machinery, &c., may leave an attested copy of the writ and of his return of such attachment thereon as in the attachment of real estate; and in such case the attachment shall not be dissolved or defeated by any neglect of the officer to retain actual possession of the property." The provision is not that the attachment may be made, as in case of real estate, by leaving a copy. Rev. Stat., ch. 184, sec. 3; *Kittredge* v. *Bellows*, 7 N. H. 427. Indeed, no attempt is made to change the mode of making the attachment, but a new and easier method of preserving it is provided. Before this statute there was not so much difficulty in making as in preserving attachments of the various articles enumerated in the 14th section of chapter 184. *Hemmenway* v. *Wheeler*, 14 Pick. 410; *Sanderson* v. *Edwards*, 16 Pick. 144; *Reed* v. *Howard*, 2 Met. 38; *Shepherd* v. *Butterfield*, 4 Cush. 425; *Bicknell* v. *Trickey*, 34 Me. 273; *Miller* v. *Baker*, 1 Met. 32. As the statute has only provided a new mode of preserving attachments of the articles specified, it is still essential to a valid attachment of them that they should be taken into the possession or placed under the control of the officer. *Odiorne* v. *Colley*, 2 N. H. 66; *Huntington* v. *Blaisdell*, 2 N. H. 318, 319; *Chadbourne* v. *Sumner*, 16 N. H. 132. In Maine a statute, providing that "when any personal property is attached, which, by reason of its bulk, &c., can not be immediately removed, the officer may, within five days thereafter, file in the office of the clerk of the town, &c., an attested copy of so much of his return, &c., and such attachment shall be as effectual and valid as if the property had remained in his possession and custody." The Maine statute (Rev. Stat., ch. 81, sec. 35), has received a similar construction. *Darling* v. *Dodge*, 36 Me. 370; *Nichols* v. *Patten*, 18 Me. 238; see *Heard* v. *Fairbanks*, 5 Met. 114.

The decisions in *Bucklin* v. *Crampton*, 20 Vt. 261; *Fullam* v. *Stearns*, 30 Vt. 443, and *Putnam* v. *Clark*, 17 Vt. 82, were founded upon a statute differing somewhat from our own, as the Vermont statute enacts that "when machinery, &c., shall be taken by virtue of any writ of attachment, &c., the officer serving such process shall

lodge a copy of the same with his return in the town-clerk's office, &c., which shall be as effectual to hold such property against subsequent sales, &c., as if such property had been actually removed and taken into the possession of such officer." Vermont Rev. Stat., ch. 18, sec. 15.

In the present case the officer does not return an attachment generally, but an attachment made by leaving a copy, &c.; and this we think is insufficient. There must be

*Judgment on the nonsuit.*