### GEO. L. MUSSEY *v.* MOSES J. PERKINS.

#### *Trover.*

The plaintiff owned certain wood which had been attached by leaving a copy at the Town Clerk's office, but which remained in his actual possession. *Held,* that pending the attachment, he may maintain trover for its conversion by a third person.

TROVER for 180 cords of wood. Plea, not guilty; and trial by the court by the consent of the parties, September Term, 1863,—KELLOGG, J., presiding.

The court rendered a judgment in favor of the plaintiff, for $104.50, damages, under a rule that execution should not issue on the judgment until the lien of the attachment on said wood, in the suit against the plaintiff should be satisfied or otherwise determined. Exceptions by the defendant.

The facts sufficiently appear in the opinion of the court.

*Edgerton & Paul*, for the defendant.

The wood at the time of the conversion was in the custody and possession of the sheriff, and not of the plaintiff. The plaintiff can not maintain this action, because at the time of the conversion, he neither had the actual possession, nor the right to immediate possession. 1 Ch. Pl. 152; *Swift* v. *Moseley et al.*, 10 Vt. 209; *Lowry* v. *Walker*, 4 Vt. 76–81.

*Dewey & Joyce*, for the plaintiff.

The general ownership of the property remained in the plaintiff as well after the attachment as before. The attachment only created a lien which, contingently, might be ripened into a title. G. S. Ch. 33, § 94; *Johnson* v. *Edson*, 2 Aik. 299.

The attachment did not deprive Mussey of the actual possession of the property. The most which can be claimed is, that the wood was *in custodia legis*, with *the right* in the officer *to take* the actual possession. *Blodgett* v. *Adams*, 24 Vt. 23.

BARRETT, J. The plaintiff owned the wood in question. It was attached by leaving a copy in the town clerk's office, without other act by the attaching officer. While the suit was pending on which it had been attached, the defendant, though expressly forbidden by the plaintiff, drew away the wood and disposed of it.

It is claimed by the defendant that the attachment so operated upon the custody and right of possession of the property as to preclude the plaintiff from a right to maintain this action.

It is unquestionable that the sheriff had such a right of possession that he might have maintained an action for the conversion of the property, and as is said in *Lowry* v. *Walker*, 4 Vt. 81, " he alone can maintain an action for it, for the benefit of the attaching creditor."

By the attachment the sheriff acquires a special property by way of right of lien, with a right of possession pending the suit on which it was attached, terminating if the suit fails, with the failure of the suit,—continuing if the suit results in a judgment for the plaintiff, to enable it to be made to respond such judgment in due course of lawful proceeding. But pending the suit the general property remains in the owner, with no abatement of right, except what is operated by the attach-

ment. *Johnson* v. *Edson*, 2 Aik. 299.  *Blodgett* v. *Adams*, 24 Vt. 23.  In the present case the property was left, in fact, in the possession of the plaintiff, subject indeed to the supervening right of the officer, and so subject that the plaintiff would have been liable to the officer for a conversion of the property, in case the pending lien had been perfected by a judgment and a charging in execution.

But this does not so operate to countervail the plaintiff's right in respect to the property, as general owner in actual possession, as to preclude him from a right of action against a third person for a destruction of the property.  In the event of a failure of the suit on which the property had been attached, his full right to it would be restored, and no one would question his right to maintain an action then, for the conversion by a wrong doer pending the attachment.  The most then that could be claimed in this case is, that the plaintiff's, right to bring a suit was suspended during the pendency of the attachment.

But we think this is not so.  The general ownership remaining all the while in the plaintiff, with actual possession, we think sufficient to entitle him to maintain this action for the taking and using up of the property.  All that the defendant could ask was accorded in this case, by the order that execution should not issue till the lien of the attachment should have been ended.  In the case of *Blodgett* v. *Adams*, *supra*, the true principles and their application are clearly stated and shown, and therein the right of the owner of property under attachment to interfere to secure its safety and preservation is distinctly recognized.

It is an elementary principle that either the general or special owner of goods may maintain trover for their conversion, subject however, to the rule that a judgment in favor of the one will bar a suit by the other.   2 Sand. 47, c. ; 1 Ch. Pl. 62.

This rule we apprehend, would not exist and be applicable in all cases, but only in those where the ground of action and recovery covered the same kind and extent of damage.

However this may be, the defendant has full indemnity against peril by a suit in behalf of the sheriff by the aforesaid order of the court as to issuing of execution on this judgment.

The judgment is affirmed.